UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY ANN STEWART,

    Plaintiff,

v.                                                                          Case No: 8:22-cv-968-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

    Plaintiff Kimberly Ann Stewart seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

### BACKGROUND

    A.    **Procedural Background**

    Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on September 13, 2019. (Tr. 10, 19, 34, 256–69.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 88–111, 116–41, 157–63, 166–77.) Plaintiff then requested an administrative hearing. (Tr. 178–79.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 32–73.) Following the hearing, the ALJ issued

an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 7–24.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1978, claimed disability beginning on April 11, 2019. (Tr. 10, 37, 88, 116, 256, 263, 291, 334.) Plaintiff has a high school education and past relevant work experience as an embroidery machine operator, a convenience store clerk, and a grocery clerk. (Tr. 17, 37–38, 67, 98, 126, 297, 489, 493.) Plaintiff alleged disability due to arthritis in her back, disc dehydration/posterior protrusions of discs, disc protrusion in lower back, central disc herniation with slight asymmetry to the left, spinal stenosis in the neck, osteophyte formation in the neck, left arm pain, leg pain, memory problems, bladder problems, anxiety, and high blood pressure. (Tr. 88–89, 100–01, 117, 296.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since April 11, 2019, the alleged onset date. (Tr. 12.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, hypertension, obesity, and adjustment disorder with anxiety and depressed mood. (Tr. 12.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13–14.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot push/pull with the upper extremities. The claimant can occasionally climb ramps and stairs, kneel, stoop, crouch, and crawl, but never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme heat, vibration, hazardous machinery, and unprotected heights. The claimant is able to understand, remember, and apply simple instructions, interact appropriately with supervisors, coworkers, and the general public, concentrate, persistent, and maintain pace for two hours at a time, and manage herself and adapt to routine changes in the workplace.

(Tr. 14.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 15.)

Considering Plaintiff's RFC and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform her past relevant work but could perform other jobs existing in significant numbers in the national economy, such as document preparer, call-out operator, and table worker. (Tr. 17–18.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 18.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that remand is warranted because the ALJ erroneously failed to include manipulative limitations when he assessed Plaintiff's RFC. (Dkt. 17 at 8–13.) Specifically, Plaintiff argues that because the ALJ found the state agency medical consultants' opinions that Plaintiff was limited to frequent handling at least partially persuasive, the ALJ was required to either incorporate the examiners' assessed limitations into the RFC or provide an adequate explanation for not including the limitations. Plaintiff claims that she was harmed by this error because the ALJ provided the RFC as a hypothetical to the VE during the hearing and relied on the VE's testimony that there were sufficient jobs available to an individual with those limitations to find Plaintiff not disabled. For the reasons that follow, Plaintiff's contentions do not warrant reversal.

On January 10, 2020, state agency medical consultant Dr. David Guttman completed a Physical Residual Functional Capacity Assessment (PRFCA). (Tr. 95–99, 107–11.) In the PRFCA, Dr. Guttman rendered an opinion that Plaintiff could perform light work and was limited to frequent handling on the left. (Tr. 95–96, 98, 107–08, 110.) Dr. Guttman further opined that Plaintiff had some exertional limitations and should avoid concentrated exposure to extreme heat. (Tr. 95–96, 107–08.) When directed to explain the manipulative limitations assessed, Dr. Guttman provided the following explanation: "Grip strength in the right hand 70 pounds in the left hand 50 pounds or 5/5 bilaterally. Manual dexterity is within normal limits Frequent use." (Tr. 96, 108.)

In April 2020, Dr. Ronald Machado, another state agency medical consultant, rendered an opinion similar to Dr. Guttman's when completing his assessment of Plaintiff. (Tr. 123–28, 136–41.) According to Dr. Machado, Plaintiff could perform light work, was limited to frequent handling on the left, and should avoid even moderate exposure to vibration and hazards (machinery, heights, etc.). (Tr. 123–28, 136–38, 140.) When asked to explain the manipulative limitations assessed, Dr. Machado provided the following explanation: "Cervical Spine disk disease for many years. Grip strength in the right hand 70 pounds in the left hand 50 pounds or 5/5 bilaterally. Manual dexterity is within normal limits[.] Frequent handling on left." (Tr. 124, 137.)

In formulating Plaintiff's RFC, the ALJ considered the opinions of Drs. Guttman and Machado. Specifically, the ALJ stated:

> Dr. David Guttman, a State agency physician, opined in January 2020 that the claimant was capable of performing light work with frequent handling on the left and no concentrated exposure to extreme heat (Exhibit 5A and 6A). Dr. Ronald Machado, another State agency physician, give a similar opinion in April 2020, but included some additional environmental limitations (Exhibit 11A and 12A). The undersigned finds these opinions only partially persuasive because the objective medical imaging supports the inclusion of additional limitations (Exhibit 1F, 3F, and 4F).

(Tr. 17.) Upon consideration of the entire record, including the opinions of Drs. Guttman and Machado, the ALJ concluded that Plaintiff had an RFC to perform sedentary work, but that Plaintiff, among other limitations, "cannot push/pull with the upper extremities." (Tr. 14.)

As an initial matter, Plaintiff does not point to any error in how the ALJ addressed the opinions of Drs. Guttman and Machado. *See* (Dkt. 20 at 7 & n.4.) Rather, Plaintiff argues that the ALJ's RFC finding was error because the ALJ found their opinions that Plaintiff was limited to frequent handling to be at least partially persuasive. Plaintiff therefore contends that the ALJ was either required to incorporate those limitations into the assessed RFC or provide an adequate explanation for failing to do so. (Dkt. 17 at 17–18.) The Commissioner responds that the ALJ properly assessed the opinion evidence under the relevant regulations and the ALJ was not required to adopt the opinions as part of Plaintiff's RFC. (Dkt. 20 at 7.) Moreover, the Commissioner submits that even if the ALJ had erred by failing to include the limitation of frequent handling to the RFC, such error was harmless since the ALJ advanced to step five and identified three jobs Plaintiff can perform that would not be affected by the inclusion of that limitation. (*Id.* at 13–14.) For the reasons that follow, the court agrees with the Commissioner's contentions.

The RFC is a "medical assessment of what the claimant can do in a work setting despite any mental, physical, or environmental limitations caused by the claimant's impairments or related symptoms." *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 689 (11th Cir. 2013); *see Mills v. Berryhill*, 824 F. App'x 894, 899 (11th Cir. 2020); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). It is strictly the ALJ's duty to determine the claimant's RFC. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877–78 (11th Cir. 2013). The ALJ must consider the claimant's impairments, both severe and non-severe, and all evidence of record. *Phillips*, 357 F.3d

at 1238; *see Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). In formulating the RFC, the ALJ is not required to refer to every piece of evidence, provided that the ALJ provides sufficient reasoning for the reviewing court to evaluate whether the ALJ considered the claimant's medical condition as a whole. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) ("So long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record.").

As discussed above, Plaintiff contends that the ALJ erred by failing to include limitations from opinions that he found at least partially persuasive. However, as the Commissioner correctly notes, the ALJ was not required to adopt Drs. Guttman and Machado's opinions that Plaintiff was limited to frequent handling into the RFC verbatim, and thus did not err in failing to include that limitation verbatim in either the RFC formulation or in the hypothetical posed to the VE. *See, e.g.*, *Freyhagen v. Comm'r of Soc. Sec.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019) ("the ALJ's RFC assessment [does] not need to match or mirror the findings or opinions of any particular medical source . . . because the responsibility of assessing the RFC rests with the ALJ"); *Rodriguez v. Comm'r of Soc. Sec.*, No. 6:18-cv-503-Orl-18TBS, 2018 WL 7113871, at *2 (M.D. Fla. Dec. 27, 2018) ("[T]here is no requirement that an ALJ base an RFC finding on a medical source's opinion."), *report and recommendation adopted*, 2019 WL 316051 (M.D. Fla. Jan. 24, 2019); *Kilroy v. Comm'r of Soc. Sec.*, No. 6:21-cv-203-DNF, 2022 WL 1043898, at *5 (M.D. Fla. Apr.

7, 2022) ("while true that the ALJ found Plaintiff's limitations for reaching supported, that does not mean that he was required to adopt Dr. Arriola's findings as to the extent of these limitations") (citing 20 C.F.R. § 416.920c(a)).  Indeed, courts have concluded that while an ALJ may find prior medical opinions and administrative medical findings persuasive, the ALJ is not required to adopt every part of the opinion in a claimant's RFC assessment.  *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *6 (11th Cir. Jan. 10, 2022); *Guth v. Comm'r of Soc. Sec.*, No. 2:21-cv-106-JLB-NPM, 2022 WL 8211404, at *9 (M.D. Fla. Aug. 5, 2022), *report and recommendation adopted,* 2022 WL 4115784 (M.D. Fla. Sept. 9, 2022); *Massicotte v. Comm'r of Soc. Sec.*, No. 8:20-cv-2923-MAP, 2022 WL 2663406, at *5 (M.D. Fla. July 11, 2022).

Rather, the ALJ properly determined Plaintiff's RFC based on consideration of the record as a whole (Tr. 14–17), including Plaintiff's symptoms (Tr. 14–15), Plaintiff's hearing testimony (Tr. 15), the objective medical evidence (Tr. 15–17), medical opinions (Tr. 16–17), and prior administrative findings (Tr. 17).  Indeed, substantial evidence supports the ALJ's RFC determination to not include specific manipulative limitations.  For example, Plaintiff's most recent medical records indicate "motor strength normal upper and lower extremities, sensory exam intact" (Tr. 497, 500, 504, 507), and no deformities or edema in her extremities (Tr. 493).  Other records indicate intact motor strength in all four extremities, grip strength in the right hand 70 pounds in the left hand 50 pounds or 5/5 bilaterally, manual dexterity within normal limits, and shoulders, elbows, wrists, and hands within normal limits.  (Tr. 494).  The record is also devoid of any objective examinations during the relevant

period documenting limitations in Plaintiff's ability to use her arms. *See also* (Tr. 13.) Lastly, despite the state agency consultants' opinions that Plaintiff could perform light work, the ALJ went further in limiting Plaintiff and found her only able to perform sedentary work. Thus, the court finds substantial evidence supports the ALJ's determination. *See, e.g.*, *Sesler v. Comm'r of Soc. Sec.*, No. 8:20-cv-2835-DNF, 2021 WL 5881678 (M.D. Fla. Dec. 13, 2021) (rejecting argument that ALJ must have included finding that claimant had moderate limitation because "[a]s long as the ALJ properly evaluated the medical opinion . . . the only issue is whether substantial evidence supports the RFC assessment"); *Rodriguez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1674-MRM, 2022 WL 807443, at *7 (M.D. Fla. Mar. 17, 2022) (ALJ properly evaluated medical opinion by referring to "prior portions of her decision in which she provided in-depth evaluations of the evidence of record").

In any event, even if the ALJ was required to include Drs. Guttman and Machado's opinions concerning Plaintiff's frequent handling on the left in the RFC, any error would be harmless. The jobs identified by the ALJ and VE that Plaintiff would be able to perform are document preparer, call-out operator, and table worker. (Tr. 18, 68–70.) As the Commissioner correctly points out, the functional requirements of these positions involve no more than frequent handling. *See* Dictionary of Occupational Titles (DOT) 249.587-018, 1991 WL 672349 (document preparer); DOT 267.367-014, 1991 WL 672186 (call-out operator); DOT 739.687-182, 1991 WL 680217 (table worker). Thus, Plaintiff cannot show any harm. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (holding that an error is harmless

when it would not contradict the ALJ's ultimate finding); *see also Bond v. Comm'r*, No. 5:13-cv-520-Oc-18PRL, 2015 WL 1042959, at *5 (M.D. Fla. Mar. 10, 2015) (rejecting plaintiff's argument that the ALJ erred when he failed to include restrictions related to frequent handling, despite a medical source providing an opinion including that restriction, since "none of the jobs identified by the vocational expert require more than frequent handling").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on June 5, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record